IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ROGER LARRY THRASHER,
    Petitioner,

vs.                                            3:03cv243/LAC/EMT

JAMES V. CROSBY, JR.,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer (Doc. 5), to which Petitioner responded (Doc. 7). The court subsequently ordered Respondent to supplement the state court record and directed the parties to provide additional briefing on the issues of mootness and timeliness (*see* Doc. 12). Respondent filed a supplemental answer contending the petition should be dismissed as moot (Doc. 13). Although Petitioner was ordered to respond to the supplemental answer (*see* Doc. 14), he declined to do so.

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration of the pleadings and attachments submitted by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter and, furthermore, that the petition should be dismissed as moot.

    The underlying facts are undisputed. On January 11, 2001, pursuant to a plea agreement, Petitioner pled guilty to violation of probation, in exchange for a sentence to the drug court program (Doc. 5, Ex. A at 10-11). As part of the agreement, Petitioner agreed to waive "credit for any time that he has served on these cases and is agreeing to abide by it." (*id*. at 21, 10, 29). Petitioner was

sentenced in the Circuit Court of Escambia County, Florida, to a sixty (60) month suspended prison sentence and eighteen (18) months community control (Doc. 13, Ex. J at 10).

Petitioner violated his community control, and on January 17, 2002, he was resentenced to forty (40) months of incarceration (*id.*, Ex. J at 17; Doc. 1 at 1). On December 22, 2002, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure, in which he claimed he was entitled to the jail credit he waived in the 2001 plea agreement, as well as time spent in jail during his participation in the drug court program, for a total of 288 days (Doc. 5, Ex. A at 1-5). The state court denied the motion (*id.* at 8). Petitioner appealed the decision to the Florida First District Court of Appeal, and the appellate court affirmed the decision per curiam without opinion on April 23, 2003, with the mandate issuing May 20, 2003 (Doc. 5, Ex. C).

On June 6, 2003, Petitioner filed the instant federal habeas action (*see* Doc. 1 at 6).

Despite the pendency of the instant action, on June 12, 2003, Petitioner filed a motion for reduction or modification of sentence in the state trial court (Doc. 13, Ex. D). Following a hearing on July 10, 2003, the state court reduced Petitioner's sentence to twenty-six (26) months of incarceration with credit for 39 days jail time and "any time previously served on this court prior to resentencing," to run concurrent with "any county jail sentence now serving." (*id.*, Ex. F). On October 22, 2003, Petitioner wrote a letter to the trial court requesting an additional ten (10) days of jail credit (*id.*, Ex. G). Petitioner appeared before the trial court on November 13, 2003, and the trial court determined it lacked jurisdiction to grant the credit because Petitioner's sentence expired on November 1, 2003 (*id.*, Exs. H, I).

In the instant federal habeas action, Petitioner seeks 288 days credit on his sentence for time spent in custody prior to imposition of his suspended sentence on January 11, 2001, and for the days he spent in jail during his participation in the drug court program prior to his resentencing on January 17, 2002. Respondent contends there is no live case or controversy because Petitioner's sentence has now expired, therefore, the petition should be dismissed as moot.

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th

Cir. 1987). Upon expiration of an inmate's sentence, some concrete and continuing injury, or "collateral consequence" of the conviction must exist if the habeas action is to be maintained. Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). The Supreme Court developed the collateral consequences doctrine beginning with Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), when it held that a habeas petitioner challenging the validity of his conviction had an active case in controversy even though he had been released, because his conviction might affect his resident alien status. As the doctrine developed in subsequent cases, the Court required petitioners to plead and prove the existence of collateral consequences to maintain a habeas action after release from incarceration. The Court found that such consequences existed in instances where a petitioner claimed that his conviction rendered him unable to engage in certain businesses or serve as an official in a labor union, Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968), it rendered him ineligible to serve as a juror, Fiswick v. United States, 329 U.S. 211, 221-23, 67 S.Ct. 224, 229-30, 91 L.Ed. 196 (1946), it might subsequently increase a current sentence under state recidivist law, Parker v. Ellis, 362 U.S. 574, 576, 80 S.Ct. 909, 911, 4 L.Ed.2d 963 (1960), or might result in the revocation of a business license, Ginsberg v. New York, 390 U.S. 629, 633 n.2, 88 S.Ct. 1274, 1277 n.2, 20 L.Ed.2d 195 (1968). The requirement of pleading and proving collateral consequences disappeared in Sibron v. New York, when the Supreme Court announced that it had "abandoned all inquiry into the existence of collateral consequences and in effect presumed that they existed." 392 U.S. 40, 55, 88 S.Ct. 1889, 1898, 20 L.Ed.2d 917 (1968). The Court added to the list of collateral consequences in Evitts v. Lucey, when it held that collateral consequences included the denial of the right to vote and hold public office, and the possibility of being impeached as a witness at a future time. 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

      Each of the foregoing cases, however, involved a challenge to a conviction, not a challenge to the calculation of sentence credit, which is the sole issue in the instant case. Although this precise issue has not been addressed by the Supreme Court, the similar and legally indistinguishable issue of parole revocation has. In Lane v. Williams, the Supreme Court refused to extend the presumption of collateral consequences (or its willingness to accept hypothetical consequences) to a prisoner's

challenge to the parole portion of his sentence and not his conviction, thereby requiring the habeas petitioner to prove the existence of collateral consequences to overcome the mootness issue that arose upon the expiration of his sentence. 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). The Court rejected the contention that an inmate suffered collateral consequences as a result of a parole revocation simply because the revocation could be used to the petitioner's detriment in future parole proceedings should he ever be convicted of other crimes. *Id.*

Similarly, in Spencer v. Kemna, the Court held that a habeas petitioner challenging a parole revocation after his sentence had expired must specifically identify concrete disadvantages or disabilities that had in fact occurred, that were imminently threatened, or that were imposed as a matter of law, and that were attributable to the parole revocation. 523 U.S. at 14. Spencer argued that the parole revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, could be used to impeach him if he appeared as a witness or litigant in a future judicial proceeding, or could be used against him directly if he appeared as a defendant in a future criminal proceeding. The Court rejected these contentions as speculative. 523 U.S. at 14-16.

In the instant case, Petitioner's ultimate objective was to obtain credit on his sentence in an amount sufficient to render the sentence fully served. Because his sentence has now fully expired, this Court finds that there is no longer a case or controversy to litigate. A favorable decision on the merits would not entitle Petitioner to any additional relief, and therefore he no longer has a personal stake in the outcome. *See* Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action) (quotations omitted); *see also* Ashkenazi v. Attorney General, 346 F.3d 191, 192 (D.C. Cir. 2003) (whether BOP policy permitting assignment of inmates to halfway houses for only last ten percent of sentences violated ex post facto prohibitions was moot because petitioner came within last ten percent of term of incarceration during pendency of habeas petition, and BOP policy could have no future effect on petitioner); Bugarin-Juarez v. Weiss, 76 Fed.Appx. 773, 774, 2003 WL 21949137 (9th Cir. 2003) (appeal

rendered moot by petitioner's release from BOP custody, where there was no longer possibility petitioner could face transfer from halfway house to penal facility pursuant to new BOP policy).

Furthermore, no civil disabilities result from an erroneous calculation of sentence credit.  *See* Lane, 455 U.S. at 632.  Consequently, the reasoning of Lane and Spencer is binding.  There are no collateral consequences to the allegedly erroneous calculation of sentence credit in this case.  Moreover, Petitioner does not assert that any of the exceptions to the mootness doctrine apply.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

The petition for writ of habeas corpus (Doc. 1) be **DISMISSED** as moot.

At Pensacola, Florida, this 15th day of March 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**